## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ELITE TACTICAL SYSTEMS GROUP, LLC, | ) ) ) | |
| *Plaintiff,* | ) ) | C.A. No. _____ |
| | ) | |
| v. | ) ) | Judge: |
| ECOM ELITE LLC d/b/a TACNATION, and JOHN DOES 1-10 | ) ) ) ) | **JURY DEMAND** |
| *Defendants.* | ) ) | |

## COMPLAINT

Plaintiff Elite Tactical Systems, LLC, by its undersigned attorneys, brings this Complaint against Defendants Ecom Elite LLC and John Does 1-10 and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., specifically including 35 U.S.C. § 271, and for trademark infringement and unfair competition arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), section 47-18-104 of the Tennessee Code Annotated, and Tennessee common law. Plaintiff Elite Tactical Systems Group, LLC is in the business of manufacturing and selling innovative speed loaders for firearms under the mark ETS. Defendants manufactured and sold speed loaders that were exact copies of Plaintiff's products and unlawfully used the ETS mark in Defendants' advertising materials for the copycat speed loaders. Defendants' actions violated federal, state, and/or common law. Plaintiff seeks among

other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, attorneys' fees, and costs of the action.

## **THE PARTIES**

2.       Plaintiff Elite Tactical Systems Group, LLC ("Plaintiff" or "ETS") is a limited liability company organized and existing under the laws of the State of Wyoming, having its principal place of business in Gallatin, Tennessee.

3.       On information and belief, Defendant Ecom Elite LLC d/b/a TacNation and TacNation USA ("Defendant" or "TacNation") is a limited liability company organized and existing under the laws of the Utah, having a principal place of business at 2768 North Holbrook Way, Lehi, Utah, 84043.

4.       On information and belief, TacNation operates the webpage https://trytacnation.com/ through which it offers and sells a variety of products, including those accused of infringement, to customers and/or potential customers located in Tennessee and elsewhere in the United States. TacNation also disseminates promotional materials that reach potential customers in Tennessee.

5.       The true names and capacities of defendants sued hereunder as Does 1 through 10, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint Pursuant to the Federal Rules of Civil Procedure and include the Doe defendants' true names and capacities when they are ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff as a result of Defendants' unlawful conduct.

## JURISDICTION AND VENUE

6.    This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because there exists a federal question arising under the laws of the United States, including the Patent Act, the Lanham Act, 28 U.S.C. § 1338(b), and claims of unfair competition joined by substantial and related claims under the trademark laws of the United States. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for claims arising under state law and the common law of the state of Tennessee with regard to the state trademark infringement claim. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 in that this case arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

7.    This Court has personal jurisdiction over Defendants under Tenn. Code Ann. § 20-2-223(a) and § 20-2-225(2) because Defendants transacted business in Tennessee, supplied goods to consumers residing in Tennessee, and caused tortious injury to Plaintiff located in Tennessee.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

9.    ETS is a leading manufacturer of innovative speed loaders.

10.    On November 10, 2020, United States Patent No. D901,614 ("the '614 Patent"), titled "Ammunition Magazine Loader," was duly and legally issued by the United States Patent and Trademark Office. By assignment, ETS is the owner of all right, title, and interest in and to the '614 Patent. ETS has the right to sue and recover damages for the infringement of the '614 Patent. A true and correct copy of the '614 Patent is attached as Exhibit A hereto. Each claim of the '614 Patent is valid and enforceable.

11.    On June 11, 2019, United States Patent No. 10,317,154 ("the '154 Patent"), titled "Firearm Magazine Loader," was duly and legally issued by the United States Patent and Trademark Office.  By assignment, ETS is the owner of all right, title, and interest in and to the '154 Patent.  ETS has the right to sue and recover damages for the infringement of the '154 Patent.  A true and correct copy of the '154 Patent is attached as <u>Exhibit B</u> hereto. Each claim of the '154 Patent is valid and enforceable.

12.    On January 26, 2021, United States Patent No. 10,900,730 ("the '730 Patent"), titled "Firearm Magazine Loader," was duly and legally issued by the United States Patent and Trademark Office.  By assignment, ETS is the owner of all right, title, and interest in and to the '730 Patent.  ETS has the right to sue and recover damages for the infringement of the '730 Patent.  A true and correct copy of the '730 Patent is attached as <u>Exhibit C</u> hereto. Each claim of the '730 Patent is valid and enforceable.

13.    On April 9, 2019, United States Patent No. 10,254,061 ("the '061 Patent"), titled "Universal Multiple Caliber Firearm Magazine Loader," was duly and legally issued by the United States Patent and Trademark Office.  By assignment, ETS is the owner of all right, title, and interest in and to the '061 Patent.  ETS has the right to sue and recover damages for the infringement of the '061 Patent.  A true and correct copy of the '061 Patent is attached as <u>Exhibit D</u> hereto. Each claim of the '061 Patent is valid and enforceable.

14.    On January 26, 2021, United States Patent No. 10,900,731 ("the '731 Patent"), titled "Universal Multiple Caliber Firearm Magazine Loader," was duly and legally issued by the United States Patent and Trademark Office.  By assignment, ETS is the owner of all right, title, and interest in and to the '731 Patent.  ETS has the right to sue and recover damages for the

infringement of the '731 Patent. A true and correct copy of the '731 Patent is attached as Exhibit E hereto. Each claim of the '731 Patent is valid and enforceable.

15. The '614, '154, '730, '061, and '731 Patents (together, the "Patents-in-Suit") are generally directed to novel firearm magazine loaders which allow for quick loading of various firearm magazines with minimal effort.

16. ETS manufactures and sells a line of magazine loaders for pistols and rifles of various calibers which embody various aspects of the inventions and design claimed in the Patents-in-Suit. Two of the products made and sold by ETS are the GEN II - C.A.M. Loader for All Pistol Mags 9mm/.40 caliber for handguns and C.A.M. Universal Loader for rifles (together, the "ETS Products"), which are depicted below.



(ETS's GEN II - C.A.M. Loader for handguns)          (ETS's C.A.M. Universal Loader for rifles)

17.     ETS has marked the ETS Products with the applicable serial numbers of each of the Patents-in-Suit in compliance with 35 U.S.C. § 287 since the issuance of the Patents-in-Suit.

18.     ETS has been selling its speed loader products under the ETS name (the "ETS Mark") since no later than June 30, 2017.  ETS is the owner of U.S. Trademark Registration No. 6,989,825 for the standard character ETS Mark, which was issued on February 28, 2023.  A true and correct copy of the U.S. Trademark Reg. No. 6,989,825 is attached as Exhibit F hereto.

19.     ETS does not license its patented magazine loader technology or the ETS Mark to any third parties.

20.     On information and belief, Defendants made, sold, or offered to sell in the United States magazine loader products under the name "Pistol Mag-Loader" (the "Pistol Magazine Loader") and "Rifle Mag-Loader" (the "Rifle Magazine Loader" and, together with Pistol Magazine Loader," the "Infringing Products"). The Infringing Products are depicted below.


(Defendants' Infringing Pistol Mag-Loader)


(Defendants' Infringing Rifle Magazine Loader)

6

21.     Side-by-side comparisons of ETS Products (on the left) and Infringing Products (on the right) below shows that the Infringing Products are exact copies of the ETS Products.



(The ETS Products)                    (The Infringing Products)



(The ETS Products)　　　　　　　　　(The Infringing Products)


22.　　On information and belief, Defendants began making, selling, or offering to sell the Infringing Products in early 2024.

23.　　Some of Defendants' advertising videos for the Infringing Products showed a speed loader bearing the ETS Mark on it as demonstrated in a screen capture below:



24. ETS never granted Defendants permission to use the ETS name or logo.

25. Defendants used a mark identical to the ETS Mark in connection with the advertising and offering for sale of Infringing Products.

26. The Infringing Products are identical to the goods sold by ETS.

27. Consumers of Infringing Products and ETS Products are identical.

28. The price point of Infringing Products and ETS Products is similar.

29. Infringing Products and ETS Products are sold through similar channels of trade.

30. Defendants' website claims "50,000+ happy customers" as demonstrated in the screen capture below:



31. After learning about the Infringing Products and the use of ETS Mark in the advertising of Infringing Products, ETS sent a cease and desist letter to TacNation on April 16, 2025.

32. After a conversation between counsel for ETS and TacNation in May 2025, TacNation removed listings for the Infringing Products from its website, however, on information and belief, it continued offering Infringing Products for sale through email communications to subscribers on its marketing list. A picture of an Infringing Product with caption "Load Mags in Seconds," as shown in paragraph 30 above, still appears on Defendants' website as of the date of this Complaint.

33.     ETS and TacNation are competitors, and the sale of copycat speed loaders by TacNation is directly damaging ETS's business.

34.     The Infringing Products satisfy each and every limitation of at least Claim 1 of the '730 Patent, Claim 1 of the '731 Patent, Claim 1 of the '154 Patent, and Claim 1 of the '061 Patent literally and/or under the doctrine of equivalents as set forth below. The TacNation Pistol Magazine Loader is also an identical copy of the design protected by the '614 Patent.

35.     Defendants' actions, including their continued sale of the Infringing Products after the receipt of the cease and desist letter from ETS, were taken in bad faith and constitute intentional, willful and wanton disregard of Plaintiff's federally protected patent and trademark rights and interests.

36.     Defendants' infringement of the Patents-in-Suit caused ETS an injury in the form of loss of customers, orders and market share, price erosion, loss of business opportunities, as well as harm to goodwill and damage to reputation.  The past and the long-term effects of Defendants' infringement are not quantifiable and, therefore, cannot be remedied by money damages alone.

## COUNT I:  DIRECT INFRINGEMENT OF THE '731 PATENT

37.     ETS realleges and incorporates by reference each of the preceding numbered paragraphs as if fully set forth herein.

38.     On information and belief, Defendants have directly infringed at least Claim 1 of the '731 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a) by making, having made, using, offering for sale, and selling the Infringing Products in the United States without authority.

39. The Infringing Products include all the limitations of Claim 1 of the '731 Patent. ETS reserves the right to supplement and revise its infringement contentions based on additional information obtained through discovery in this case or otherwise.

40. On information and belief, since at least April 21, 2025, Defendants have had actual knowledge of the '731 Patent and knowledge that the Infringing Products and use thereof infringe one or more claims of the '731 Patent, including Claim 1.

41. ETS has been damaged as the result of Defendants' infringement and will continue to suffer harm due to Defendants' infringing acts, thereby justifying an award of damages in an amount adequate to compensate ETS for Defendants' infringement as provided in 35 U.S.C. § 284.

## COUNT II: DIRECT INFRINGEMENT OF THE '614 PATENT

42. Plaintiff realleges and incorporates by reference each of the preceding numbered paragraphs as if fully set forth herein.

43. On information and belief, Defendants have directly infringed the '614 Patent, in violation of 35 U.S.C. § 271(a) by making, having made, using, offering for sale, and selling the Pistol Magazine Loader in the United States without authority.

44. The Pistol Magazine Loader is an identical copy of the design protected by the '614 Patent. ETS reserves the right to supplement and revise its infringement contentions based on additional information obtained through discovery in this case or otherwise.

45. On information and belief, since at least April 21, 2025, Defendants have had actual knowledge of the '614 Patent and knowledge that the Pistol Magazine Loader and use thereof infringes the '614 Patent.

46.     ETS has been damaged as the result of Defendants' infringement and will continue to suffer harm due to Defendants' infringing acts, thereby justifying an award of damages in an amount adequate to compensate ETS for Defendants' infringement as provided in 35 U.S.C. § 284 or in the amount of Defendants' total profit as provided in 35 U.S.C. § 289.

## COUNT III: DIRECT INFRINGEMENT OF THE '730 PATENT

47.     ETS realleges and incorporates by reference each of the preceding numbered paragraphs as if fully set forth herein.

48.     On information and belief, Defendants have directly infringed at least Claim 1 of the '730 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a) by making, having made, using, offering for sale, and selling the Infringing Products in the United States without authority.

49.     The Infringing Products include all the limitations of Claim 1 of the '730 Patent. ETS reserves the right to supplement and revise its infringement contentions based on additional information obtained through discovery in this case or otherwise.

50.     ETS has been damaged as the result of Defendants' infringement and will continue to suffer harm due to Defendants' infringing acts, thereby justifying an award of damages in an amount adequate to compensate ETS for Defendants' infringement as provided in 35 U.S.C. § 284.

## COUNT IV: DIRECT INFRINGEMENT OF THE '154 PATENT

51.     ETS realleges and incorporates by reference each of the preceding numbered paragraphs as if fully set forth herein.

52.     On information and belief, Defendants have directly infringed at least Claim 1 of the '154 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C.

§ 271(a) by making, having made, using, offering for sale, and selling the Infringing Products in the United States without authority.

53. The Infringing Products include all the limitations of Claim 1 of the '154 Patent. ETS reserves the right to supplement and revise its infringement contentions based on additional information obtained through discovery in this case or otherwise.

54. ETS has been damaged as the result of Defendants' infringement and will continue to suffer harm due to Defendants' infringing acts, thereby justifying an award of damages in an amount adequate to compensate ETS for Defendants' infringement as provided in 35 U.S.C. § 284.

## COUNT V: DIRECT INFRINGEMENT OF THE '061 PATENT

55. ETS realleges and incorporates by reference each of the preceding numbered paragraphs as if fully set forth herein.

56. On information and belief, Defendants have directly infringed at least Claim 1 of the '061 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a) by making, having made, using, offering for sale, and selling the Infringing Products in the United States without authority.

57. The Infringing Products include all the limitations of Claim 1 of the '061 Patent. ETS reserves the right to supplement and revise its infringement contentions based on additional information obtained through discovery in this case or otherwise.

58. ETS has been damaged as the result of Defendants' infringement and will continue to suffer harm due to Defendants' infringing acts, thereby justifying an award of damages in an amount adequate to compensate ETS for Defendants' infringement as provided in 35 U.S.C. § 284.

## COUNT VI: FEDERAL TRADEMARK INFRINGEMENT

59.     Plaintiff realleges and incorporates by reference each of the preceding numbered paragraphs as if fully set forth herein.

60.     Defendants had actual and constructive notice of Plaintiff's federal trademark registration for the ETS Mark.

61.     Defendants have no affiliation with Plaintiff nor has Plaintiff granted permission to Defendants to use the ETS Mark.

62.     Defendants' willful, deliberate, and unauthorized use of the ETS Mark was in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1).

63.     Defendants' use of the ETS Mark constitutes intentional, deliberate, and willful infringement.

64.     As a direct and legal result of Defendants' conduct, Defendants have damaged, and will continue to damage, Plaintiff's goodwill and reputation.

65.     As a result of Defendants' conduct, Plaintiff has suffered irreparable harm.

66.     Defendants' actions have caused and, unless restrained or enjoined by this Court, will continue to cause, confusion to the consuming public.

67.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with post-judgment interest.

## COUNT VII: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

68.     Plaintiff realleges and incorporates by reference each of the preceding numbered paragraphs as if fully set forth herein.

69.     Defendants' use of the ETS Mark has and is will continue to deceive, if Defendants resume its use, consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to the fact, that Defendants' Infringing Products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.  In short, Defendants profited on the consumer confusion that they have deliberately created to benefit from the reputation and goodwill developed by Plaintiff under its ETS Mark.

70.     Defendants' use of the ETS Mark constitutes use of a false designation of origin and misleading description and representation of fact.

71.     Defendants' conduct is willful and intended to and is likely to cause confusion, mistake, deception as to the affiliation, connection, or association of Defendants with Plaintiff.

72.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73.     Defendants' conduct as alleged herein caused immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation and will continue to both damage the Plaintiff and confuse the public if resumed in the absence of injunction from this court.

74.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, attorneys' fee, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with post-judgment interest.

## <u>COUNT VIII: COMMON LAW TRADEMARK INFRINGEMENT<br>AND UNFAIR COMPETITION</u>

75.     Plaintiff realleges and incorporates by reference each of the preceding numbered paragraphs as if fully set forth herein.

76.     Defendants' actions described above have caused consumer confusion or caused mistake, or deceived as to the affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants or their goods by Plaintiff such that Defendants' use of the ETS Mark constituted unfair competition and trademark infringement under Tennessee common law.

77.     Plaintiff is entitled to damages, injunctive relief, and to all other and further forms of relief this Court deems appropriate.

### COUNT IX: VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT UNDER TENN. CODE ANN. § 47-18-104

78.     Plaintiff realleges and incorporates by reference each of the preceding numbered paragraphs as if fully set forth herein.

79.     Defendants' actions, described above, have created actual confusion or misunderstanding as to the source, sponsorship, approval or certification of goods and as to any the affiliation, connection or association between Plaintiff and Defendants, of which there is none, and constitute passing off, each in violation of the Tennessee Consumer Protection Act (or, in the alternative, the state counterparts under the laws of any other states which may apply in this matter).

80.     Defendants' wrongful conduct has directly and proximately caused damages to Plaintiff.

81.     Defendants are liable to the Plaintiff for actual, and up to treble, damages together with costs and attorneys' fees for their violation of the Tennessee Consumer Protection Act.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in its favor granting the following relief:

(a)    A finding that Defendant has directly infringed one or more claims of the '614, '154, '730, '061, and '731 Patents;

(b)    An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate ETS for Defendant's infringement of one or more claims of the '614, '154, '730, '061, and '731 Patents, including both pre-judgment and post-judgment interest and costs as fixed by the Court;

(c)    An award of damages pursuant to 35 U.S.C. § 289 in the amount of Defendants' total profit for the infringement of the '614 Patent;

(d)    An order permanently enjoining Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons acting in privity or concert with them, from committing further acts of infringement of the '614, '154, '730, '061, and '731 Patents, including making, using, offering to sell, or selling in the United States, or importing into the United States Defendant's Infringing Products;

(e)    A declaration that Defendants' use of the ETS Mark constitutes trademark infringement and unfair competition under federal, state, and/or common law, as detailed above;

(f)    An order permanently enjoining Defendants, their owners, officers, members, directors, agents, servants, employees, attorneys, and all other in active convert participation with Defendants from:

(i)    Using the ETS Mark or any confusingly similar mark, designation, or indicia;

(ii)    Manufacturing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, sell, market, advertise or promote any goods or services bearing the ETS Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's ETS Mark;

(iii)     Engaging in any activity that infringes Plaintiff's rights in its ETS Mark;

(iv)     Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

(v)     Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (iv);

(g)     An order directing that Defendants recall and deliver up for destruction or other disposition all Infringing Products and all goods, packaging, advertisements, and related materials incorporating or bearing the ETS Mark or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's ETS Mark;

(h)     An award to Plaintiff of an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

(i)     An order directing Defendants to account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby;

(j)     An award of punitive and exemplary damages as the court finds appropriate to deter any future willful infringement;

(k)     An award of enhanced damages and attorney's fees and costs in accordance with the Tennessee Consumer Protection Act;

(l)     A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285 and pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and awarding Plaintiff its costs and reasonable attorneys' fees thereunder;

(m)     An award of interest, including prejudgment and post-judgment interest, on the foregoing sums; and

(n)     Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), ETS hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

PITCHFORD FUGETT, PLLC

Dated: July 30, 2025         /s/ Eric B. Fugett
                             Eric B. Fugett (BPR No. 032454)
                             1831 12th Ave. South, Suite 454
                             Nashville, TN 37203
                             eric@pf-legal.com
                             (479) 420-6805

                             *Attorneys for Plaintiff*
                             *Elite Tactical Systems Group, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that this Complaint was filed electronically on July 30, 2025, through the Court's electronic filing system. Service of the Complaint via Summons was immediately sent to be served on the Defendant via service of its registered agent at the following address:

ECOM ELITE LLC
C/O: Emanuel Rodriguez,
    Registered Agent
2768 N. Holbrook Way
Lehi, Utah 84043

By: _____ /s/ Eric B. Fugett _____
                Eric B. Fugett, Esq.